IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES CARMICHAEL                                        PLAINTIFF

v.                    No. 3:23-cv-50-DPM

STEPHANIE WOFFORD, Agent,
Parole/Probation #436, Community
Correction; DUANE BUGSBY, ACC
Agent, Parole/Probation, Former
Blytheville Parole; MISSISSIPPI
COUNTY SHERIFF'S DEPARTMENT;
SHARP, CID, Mississippi County
Sheriff's Department; GRIFFEN, CID,
Mississippi County Sheriff's Department;
and SHANON LANGSTON, Municipal
Court Judge, Blytheville                                DEFENDANTS

ORDER

1.  Carmichael's motion to proceed *in forma pauperis*, Doc. 15, is granted. He reports no income.

2.  Carmichael's motions, Doc. 3 & 6, are granted as to his requests for information. The Court directs the Clerk to send Carmichael a copy of this Order and the docket sheet. His request to update Austin Griffen's name on the docket sheet, Doc. 3, is also granted.

Throughout his papers, Carmichael says that he has been harassed by police surveillance. *Doc. 7, 10, 16, 17, 18 & 19.* He believes

his house is bugged and that drones are watching his property. He admits hearing voices, using methamphetamine, and regularly calling the police to report both the voices and his suspicions that he is being watched. His FOIA requests to determine whether his home is bugged, *Doc. 10, 16 & 17*, are denied as fanciful. His requests to appoint counsel, *Doc. 3, 6 & 16*, are denied without prejudice. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action. 28 U.S.C. § 1915 (e)(1).

3. The Court must screen Carmichael's § 1983 complaint. 28 U.S.C. § 1915(e)(2). He says Wofford, Bugsby, Sharp, and Griffen pressured him to be an informant or face charges. *Doc. 2 at 5*; *Doc. 7*. He maintains he has had ongoing issues with both Wofford and Bugsby, who oversaw his probation. He also says Bugsby called him names and refused to allow him to bring a service dog to his probation meetings. And he suggests that Wofford has retaliated against him by refusing to do home visits and by not assisting him with paperwork.

When Carmichael initiated this suit, he was jailed pursuant to a parole violation. *Doc. 2 at 3*. Thus, to the extent he is now trying to challenge a parole violation, he cannot do so. Any ruling in his favor would necessarily call into question his state-court conviction; and he hasn't alleged that his conviction has been reversed, expunged, or invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Even if his

claims were not *Heck*-barred, Carmichael's claims fail as a matter of law. Judge Langston has judicial immunity from Carmichael's claims. *Justice Network Inc. v. Craighead County*, 931 F.3d 753, 759-64 (8th Cir. 2019). And the Mississippi County Sheriff's Department is not an entity that can be sued under § 1983. *Ketchum v. City of West Memphis, Arkansas*, 874 F.2d 81, 82 (8th Cir. 1992). Additionally, none of his assertions against Wofford, Bugsby, Sharp, and Griffen amount to a constitutional claim. Accordingly, his claims against all of them are dismissed without prejudice.

4. Carmichael also says that, while jailed, five Mississippi County Detention Center employees assaulted him in February 2023. *Doc. 7 at 14*. He says he was tased, handcuffed, and then violently pushed down causing various injuries. He also contends jail staff allowed gang members housed with him to threatened him. *Doc. 7 at 15–16*. Finally, he suggests that jail staff ignored his grievances and medical requests in retaliation for his having brought this lawsuit. *Doc. 7 at 25–27; Doc. 8*. Carmichael cannot circumvent the filing fee requirement by joining unrelated claims. FED. R. CIV. P. 21. The Clerk is directed to send him a blank § 1983 complaint and IFP application should he wish to seek relief on these claims in another case.

5. Carmichael's complaint will be dismissed without prejudice for failure to state a claim. His requests in *Doc. 10, 16 & 17*,

are denied. The Court recommends this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). An *in forma pauperis* appeal from this Order and accompanying Judgment will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

    So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 October 2023